PER CURIAM.
William Murphy Allen, Jr., challenges his judgment of conviction for murder, robbery and burglary. We affirm the convictions, but, for the reasons that follow, we reverse the sentences imposed and remand for entry of a corrected sentence.
By indictment, appellant was charged in count I with murder, in count II with burglary, and in count III with robbery. The judgment of conviction reflects an adjudication of guilty for murder as to count I, for burglary as to count II, and for robbery as to count III. At the sentencing hearing, however, the prosecutor erroneously advised the trial court that count II was the robbery conviction and then agreed with the trial court’s surmise that count III was the burglary conviction. The trial court then asked about the statutory maximum sentence for the robbery conviction and was correctly informed by the prosecutor that the statutory maximum sentence for such a second degree felony is fifteen years. The court was then told by the prosecutor that the statutory maximum sentence for the burglary conviction, a third degree felony, was five years. The trial court then orally announced a fifteen year sentence for count II and a five year sentence for count III, having already sentenced appellant to life for the murder conviction. The written sentence thereafter entered reflects a fifteen year sentence for count II and a five year sentence for count III.
It is apparent from the record that the trial court intended to impose the permissible statutory maximum for the burglary conviction, which is actually count II of the judgment of conviction, and to impose the statutory maximum for the robbery conviction, which is actually count III of the judgment of conviction. The sentences imposed for counts II and III are therefore vacated, and the cause is remanded for entry of a corrected sentence to conform with the trial court’s intent as indicated in the sentencing hearing. See Hamilton v. State, 586 So.2d 1236 (Fla. 5th DCA 1991). Appellant need not be present for entry of the corrected sentence.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
ERVIN, BARFIELD and VAN NORTWICK, JJ., concur.